UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BILLY PHILIPS, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. CIV-25-1121-R |
| ) | |
| DOLGENCORP, LLC, ) | |
| d/b/a DOLLAR GENERAL, a ) | |
| foreign limited liability company, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Before the Court is Plaintiff Billy Philips's Motion to Remand to State Court [Doc. No. 6]. Defendant Dolgencorp, LLC, d/b/a Dollar General, responded [Doc. No. 7], and Plaintiff replied [Doc. No. 8]. The matter is now at issue.

## BACKGROUND

This litigation arises from an incident that occurred in June of 2020, when Plaintiff slipped and fell in a Dollar General store in Watonga, Oklahoma [*See* Original Pet., Doc. No. 1-14, ¶¶ 7-9]. Plaintiff alleged that before he entered Dollar General, a man named Harley Stevens Comeau made a delivery to Dollar General on behalf of his employer, Hiland Dairy. *Id.* ¶ 14. During that delivery, Comeau allowed liquid to pool on the ground near the freezers and failed to clean it. *Id.* ¶¶ 14-15. This resulted in Plaintiff slipping and falling on the liquid substance. *Id.* ¶ 16. Plaintiff thereafter asserted negligence claims against Dollar General, Comeau, and Hiland Dairy under the *respondeat superior* doctrine. *Id.* ¶¶ 7-25.

1

Plaintiff originally filed suit in the District Court of Blaine County, Oklahoma, on July 28, 2021, seeking damages exceeding $75,000. *Id.* On April 11, 2022, Plaintiff amended his Petition to name Defendant Richard Kenneth Beckett as the employee who actually created the pool of liquid in Dollar General[1] [*See* Amended Pet., ¶ 14.]. At the time of both Petitions, complete diversity was lacking because Plaintiff, Comeau, and Beckett were all citizens of Oklahoma [Comeau's Answer, Doc. No. 1-7, ¶ 4; Beckett's Answer, Doc. No. 1-18, ¶ 4]. Original Pet., ¶ 4; Amended Pet., ¶ 4.

Plaintiff later settled his claims against Hiland and Beckett on September 10, 2025, about six weeks before trial. Doc. No. 6, ¶ 8. On September 26, 2025, over four years after Plaintiff's Original Petition was filed, Defendant Dollar General filed a Notice of Removal contending the Court now has diversity jurisdiction over the case pursuant to 28 U.S.C. § 1332(a) [Doc. No. 1]. Plaintiff filed a Motion to Remand pursuant to 28 U.S.C. § 1447 because the state court action was pending for over one year prior to Dollar General filing its Notice of Removal. Plaintiff also seeks an award of costs, expenses, and attorney fees incurred in contesting the removal.

## LEGAL STANDARD

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, . . . which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). A defendant may remove a case pending in state court to federal court if the case is one

---

[1] It appears that at the time of his Original Petition, Plaintiff mistakenly believed Comeau created the hazard.

2

over "which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a); *see also Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant."). The defendant seeking removal bears the burden of demonstrating jurisdictional facts by a preponderance of the evidence. *See McPhail v. Deere & Co.*, 529 F.3d 947, 953 (10th Cir. 2008) (citation omitted). "Removal statutes are to be strictly construed, . . . and all doubts are to be resolved against removal." *Fajen v. Found. Rsrv. Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982) (citations omitted).

Defendant asserts this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a), which provides "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." "[W]hen federal jurisdiction is based on diversity jurisdiction, the case generally must be removed within '1 year after commencement of the action[.]'" *Home Depot U.S.A., Inc. v. Jackson*, 587 U.S. 435, 438 (2019) (quoting 28 U.S.C. § 1446(c)(1)).

## DISCUSSION

Plaintiff argues removal is untimely because Dollar General, invoking diversity jurisdiction, removed the case over one year after the suit's initiation in state court, which is barred by 28 U.S.C. § 1446(c)(1) absent a showing of bad faith. Dollar General responds that while removal occurred over a year after the suit's initiation, removal was timely (ostensibly under the bad-faith exception in § 1446(c)(1)) because Plaintiff sued the non-diverse Defendant Beckett solely to prevent removal.

As an initial matter, Plaintiff argues that because Defendant's arguments in support of this Court's jurisdiction are raised for the first time in its Response, the Court should decline to consider them. "It is well settled that a removal pleading must contain a sufficient statement of the grounds for removal so that 'the opposing party may take issue, by a motion to remand, with what is alleged in the petition.'" *Hanson v. Dollar Gen.*, No. CIV-21-362-D, 2021 WL 2026452, at *3 (W.D. Okla. May 20, 2021) (quoting *Chesapeake & Ohio Ry. Co. v. Cockrell*, 232 U.S. 146, 151-52 (1914)). Defendant failed to assert in its Notice of Removal that the bad faith exception in § 1446(c)(1) allows removal of the case beyond the one-year limitation.[2] Instead, Defendant waited until its Response to argue bad faith on the part of Plaintiff.

> A defect in jurisdictional allegations of a party's pleading need not be fatal to the party's federal case. Under 28 U.S.C. § 1653, a federal court is authorized to permit a party to amend its pleading to supply omitted jurisdictional facts under proper circumstances. *See Jenkins v. MTGLQ Invs.*, 218 Fed. App'x 719, 723 (10th Cir. 2007) (unpublished). Here, however, Defendant[] ha[s] not moved for or otherwise timely requested an amendment; [it] ha[s] not acknowledged a defect in [its] Notice of Removal but effectively ignore[s] it.

---

[2] To the extent Defendant argues in its Response that Beckett was fraudulently joined to thwart diversity jurisdiction, the Court rejects such contentions. Defendant failed to plead fraudulent joinder in its Notice of Removal, and therefore the Court will not consider that argument. *See Gomez v. Dolgencorp LLC*, No. CIV-24-705-PRW, 2025 WL 603012, at *3 n.23 (W.D. Okla. Feb. 25, 2025) (citing *Hanson*, 2021 WL 2026452, at *2 ("[A] claim of fraudulent joinder must be pleaded in the notice of removal."); *Palacio v. Alamo Livestock, LLC*, No. CIV-23-00526-JD, 2024 WL 1008581, at *2 (W.D. Okla. Mar. 8, 2024) (declining to consider fraudulent joinder argument raised for the first time in a response)).

4

*Hanson*, 2021 WL 2026452, at *3. Defendant's failure to sufficiently state the grounds for removal is enough on its own for the Court to decline to consider the arguments in Defendant's response.

But even considering Defendant's arguments, Defendant has failed to establish Plaintiff's bad faith such that removal was timely under § 1446(c)(1). "A case may not be removed under [§ 1446](b)(3)[3] on the basis of [diversity jurisdiction] more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." 28 U.S.C. § 1446(c)(1). Removal in this case did not occur until September 26, 2025, more than four years after the Original Petition was filed on July 28, 2021, and over three years after the Amended Petition was filed on April 11, 2022. Defendant argues that because Plaintiff voluntarily[4] settled with the non-diverse defendant Beckett, removal was proper for the

---

[3] 28 U.S.C. § 1446(b)(3) provides: "Except as provided in [§ 1446(c)], if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."

[4] Defendant appears to argue that because Plaintiff voluntarily settled with Beckett, removal is timely and proper. "[O]nly a plaintiff's voluntary actions—such as amendment of the pleadings or voluntary dismissal of non-diverse defendants—can make a case removable." *Gomez*, 2025 WL 603012, at *2 (citing *Great N. Ry. Co. v. Alexander*, 246 U.S. 276, 281 (1918)). Voluntary acts can include settling with non-diverse defendants, as Plaintiff did here. *Great Plains Nat'l Bank v. Starnet Ins. Co.*, No. CIV-22-00190-JD, 2022 WL 22869652, at *1 (citing *Turley v. Stilwell*, 11-CV-0030-CVE-FHM, 2011 WL 1104543, at *3 (N.D. Okla. Mar. 22, 2011) (collecting cases) (citation omitted)). But the other prerequisites of diversity jurisdiction must still be met. *See Littell*, 2003 WL 27385093, at *7; *Gomez*, 2025 WL 603012, at *3 (even if voluntary action made the case removable, "removal was nonetheless untimely because the Court [could] not conclude . . . Plaintiff acted in bad faith to prevent removal").

first time in September of 2025 and § 1446(c)(1)'s bad faith exception allowed Defendant to remove the action outside of the one-year limitation period.

Although the "Tenth Circuit has not yet provided guidance on analyzing whether a plaintiff has acted in bad faith to prevent removal," other courts in this district and circuit have used the two-step framework delineated in *Aguayo v. AMCO Ins. Co.*, 59 F. Supp. 3d 1225 (D.N.M. 2014). *Gomez*, 2025 WL 603012, at *3.

> *Aguayo*'s two-step analysis provides:
>
> First, the Court inquires whether the plaintiff actively litigated against the removal spoiler in state court: asserting valid claims, taking discovery, negotiating settlement, seeking default judgments if the defendant does not answer the complaint, et cetera. Failure to actively litigate against the removal spoiler will be deemed bad faith; actively litigating against the removal spoiler, however, will create a rebuttable presumption of good faith.
>
> Second, the defendant may attempt to rebut this presumption with evidence already in the defendant's possession that establishes that, despite the plaintiff's active litigation against the removal spoiler, the plaintiff would not have named the removal spoiler or would have dropped the spoiler before the one-year mark but for the plaintiff's desire to keep the case in state court. The defendant may introduce direct evidence of the plaintiff's bad faith at this stage—*e.g.*, electronic mail transmissions in which the plaintiff states that he or she is only keeping the removal spoiler joined to defeat removal—but will not receive discovery or an evidentiary hearing in federal court to obtain such evidence.

*Aguayo*, 59 F. Supp. 3d at 1262-63 (paragraph break added).

*Aguayo* emphasizes the standard requires "a smoking gun or close to it." *Id.* at 1277. "Although that might be stating the rule too strongly, it appears that *Aguayo*'s requirement 'that the defendant must present strong, relatively compelling evidence, direct or circumstantial, of the plaintiff's subjective intent in order to rebut the presumption of good faith' is substantially correct." *Gomez*, 2025 WL 603012, at *4 (quoting *Holman v.*

6

*Coventry Health & Life Ins. Co.*, No. CIV-17-0886-HE, 2017 WL 5514177, at *2 (W.D. Okla. Nov. 17, 2017)).

Regarding step one, Plaintiff actively litigated his case against Beckett. Hiland admitted Beckett made a delivery on its behalf on the date of the incident [Hiland's Answer to Amended Pet., Doc. No. 1-15, ¶ 14]. Plaintiff issued written discovery requests to Beckett [Doc. No. 6-1] and took Beckett's deposition [Doc. No. 6-2]. Both Plaintiff and Beckett briefed and argued several motions, including Hiland's Motion for Partial Summary Judgment wherein Hiland admitted it would be vicariously liable for Beckett's negligence [Doc. No. 1-23, ¶ 1. *See also* Doc. Nos. 1-27, 1-73, 1-81, 1-85, 1-87, 1-94, 1-96.]. Plaintiff has stated he attended private mediation with Beckett in early 2024. Doc. No. 6 at pp. 7-8. This is enough "active litigation" on Plaintiff's part to establish a "rebuttable presumption of good faith." *Compare with Gomez*, 2025 WL 603012, at *4 (finding a presumption of good faith even though plaintiff did not propel discovery from or engage in settlement negotiations with non-diverse defendants because plaintiff's claims were valid and made in apparent good faith and plaintiff actively participated in motion practice in state court).

The burden thus rests on Defendant to rebut the presumption of good faith with evidence that Plaintiff would not have named Beckett or would have dropped Beckett prior to the one-year mark but for Plaintiff's desire to prevent removal. Most of Defendant's contentions revolve around Plaintiff's refusal to disclose the terms of the settlement agreement between Plaintiff and Hiland/Beckett. Additionally, Defendant argues that because Plaintiff was aware any actual recovery would be from Hiland, alleged primary

7

negligence against Hiland in its hiring and supervising of Beckett, and proceeded on a theory of *respondeat superior* against Hiland, it has been clear from the start that the true target of the litigation was Hiland. All of this, according to Defendant, indicates Beckett was included in the litigation only to defeat diversity jurisdiction.

> The suspicious timing of a dismissal, a drop in a settlement offer to the removal spoiler after the one-year mark, or an ambiguous comment about how the plaintiff plans to drop the removal spoiler before trial, will not suffice. If a defendant wants the removal to stick, then he or she should be able to show either: (i) that the plaintiff did not litigate at all, or engaged in a mere scintilla of litigation against the removal spoiler; or (ii) that the defendant has strong, unambiguous evidence of the plaintiff's subjective intent, for which the plaintiff cannot offer any plausible alternative explanation.

*Aguayo*, 59 F. Supp. 3d at 1277.

Defendant's contentions are not a "smoking gun" and not strong enough to rebut the presumption of Plaintiff's good faith. Speculation as to Plaintiff's true motives for keeping Beckett in the case is insufficient to show bad faith under § 1446(c)(1).

Plaintiff also seeks costs and fees for Dollar General's removal under 28 U.S.C. § 1447(c). When a case is remanded to state court, the Court in its discretion "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). This determination requires a consideration of the "reasonableness of the removal"; this means that if an "objectively reasonable basis exists" for removal, "fees should be denied." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005). The Court finds there was an objectively reasonable basis for Defendant's removal of the action, and Plaintiff's request for costs and fees is therefore DENIED.

Plaintiff's Motion to Remand is hereby GRANTED. This action is REMANDED to the District Court of Blaine County, Oklahoma.

IT IS SO ORDERED this 21st day of November, 2025.

*David L. Russell*
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE